FILED ENTERED
LODGED RECEIVED

AUG 3 2007  DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| ATLAS EQUIPMENT COMPANY, LLC, a Washington Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> WEIR SLURRY GROUP, INC., a Wisconsin corporation; and WEIR MINERALS AUSTRALIA, LTD., an Australian public company, <br><br> Defendants. | CASE NO. C07-1358 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **JURY DEMANDED** <br><br>  <br><br> 07-CV-01358-CMP |

Atlas Equipment Company, LLC, by and through its undersigned attorneys, alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Atlas Equipment Company, LLC ("Atlas") is a limited liability company organized and existing under the laws of the State of Washington and has its principal place of business in Seattle, Washington.

2. Defendant Weir Slurry Group, Inc. is a corporation organized and existing under the laws of the State of Wisconsin and has its principal place of business at 2701 South Stoughton Road in Madison, Wisconsin.

3. Defendant Weir Minerals Australia, Ltd. of Artarmon, New South Wales,

COMPLAINT AND JURY
DEMAND - 1

BERESFORD ♦ BOOTH PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100

Australia, is a business entity organized and existing under the laws of Australia.

4. This civil action arises under the Trademark Act of 1946 (15 U.S.C. §§1051 *et seq.*) and the Declaratory Judgment Act (28 U.S.C. §§2201-02).

5. The value of the object of the litigation, and therefore the amount in controversy, exceeds $75,000. Each of the parties is a citizen of different States (or foreign States). Therefore, diversity jurisdiction is proper under 28 USC 1332.

6. This Court has original subject matter jurisdiction to hear this action under 15 U.S.C. §1121, 28 U.S.C. §1331 (federal question jurisdiction), and the principles of supplemental jurisdiction codified in 28 U.S.C. §1367.

7. Venue is proper in the Western District of Washington under 28 U.S.C §1391(b)(2), as a substantial part of the events giving rise to the Complaint occurred in this district, and a substantial part of the property that is the subject of this action is situated in this district.

8. This Court has personal jurisdiction over Weir because Weir does business in this district.

## FACTUAL ALLEGATIONS

9. Atlas is a distributor of pumps, including heavy duty and extreme duty slurry pumps in U.S. interstate commerce.

10. Weir Minerals Australia, Ltd., its affiliate Weir Slurry Group, Inc., and other related affiliates (collectively, "Weir") also manufacture and sell slurry pumps in U.S. interstate commerce.

11. Weir is one of Atlas's competitors.

12. By letter dated August 9, 2007 (the "Demand Letter"), Weir threatened legal action against Atlas, accusing Atlas of tortiously interfering with Weir's rights under a license agreement with a third party, and of trade dress infringement. A true and correct copy of the Demand Letter is attached as Exhibit A.

COMPLAINT AND JURY
DEMAND - 2

**BERESFORD ♦ BOOTH** PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100

13. Specifically, Weir claimed in its Demand Letter that it had licensed "proprietary designs and technology" to a Chinese company, which required the licensee to maintain the confidentiality of Weir's designs and technology, and prohibited the licensee from selling products incorporating those designs and technology outside of China.

14. The Demand Letter also claimed the licensee's successor was exporting pumps using Weir's designs and technology from China.

15. The Demand Letter claimed that Atlas markets pumps incorporating Weir's designs and technology in North America, which it claimed to be "tortiously interfering with Weir's rights under the Weir-SPGC license agreement."

16. Atlas had no prior knowledge of the licensing agreement that Weir alleges existed between Weir and the Chinese company. In addition, Atlas has taken no action causing a breach of the alleged licensing agreement, and does not believe such a breach has occurred.

17. The Demand Letter then went on accuse Atlas of trade dress infringement.

18. Specifically, the Demand Latter claims Atlas sells pumps that are "virtually identical" to Weir's pumps in that they incorporate Weir's "unique and proprietary 'pedestal' design."

19. Weir explained that its "pedestal" design includes the following features:

- A pump impeller housing configured in a plan perpendicular to the line of entering slurry flow and an egress line in the same plane adjacent to the impeller housing.

- As to the pedestal, a close bearing spacing; a short shaft overhang; four-legged support set in a triangular formation; and a cartridge bearing assembly utilizing four unique, thick clamp washers to clamp the bearing assembly in place.

- As to the casing, a smooth casing with few exterior reinforcing ribs; four lobes protruding outside the casing circumference used to attach the casing halves together;

COMPLAINT AND JURY
DEMAND - 3

BERESFORD ♦ BOOTH PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100

lettering indicating the pump size and brand in a unique location on the pump; and oversize flanges with counter bores to accommodate unique stepped joint ring gaskets.

20. Most or all of the product designs outlined in Weir's Demand Letter are functional aspects of its pumps, precluding any trade dress protection under the Lanham Act §43, 15 U.S.C. §1125.

21. Weir has no registered trademark or trade dress for any of the designs or technology alleged to be incorporated into its products.

22. Weir cannot establish exclusive use of its alleged trade dress. Indeed, many pumps sold in the United States today incorporate the design features alleged to form Weir's alleged trade dress.

23. The design of Weir's pumps is not inherently distinctive under the Lanham Act §43, 15 U.S.C. §1125.

24. The design of Weir's pumps has not acquired secondary meaning under the Lanham Act §43, 15 U.S.C. §1125.

25. There is no likelihood of confusion between Weir's products and Atlas's products.

26. Atlas has a reasonable apprehension of suit by Weir for alleged contract interference and "trade dress" infringement.

27. A case of actual controversy exists between Weir and Atlas over whether Atlas has interfered with Weir's license or infringed any valid or enforceable trade dress claimed by Weir.

### FIRST CAUSE OF ACTION
### DECLARATORY JUDGMENT: NO TORTIOUS INTERFERENCE

28. Atlas realleges the allegations in the foregoing paragraphs as though fully set forth herein.

29. Atlas had no knowledge of the alleged license agreement with the Chinese

COMPLAINT AND JURY
DEMAND - 4

BERESFORD ♦ BOOTH PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100

company, with which Atlas is accused of interfering.

30. Atlas has not intentionally interfered with any contractual relationships or expectancies of Weir's.

31. Atlas's actions have caused no breach or termination of Weir's contractual relationships and business expectancies.

32. Weir has not been damaged by any alleged interference by Atlas of Weir's contractual relationships and business expectancies.

33. Atlas is entitled to declaratory judgment that it has not tortiously interfered with Weir's contractual relationships and business expectancies.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT: NO TRADE DRESS INFRINGEMENT

34. Atlas realleges the allegations in the foregoing paragraphs as though fully set forth herein.

35. The design features allegedly forming a trade dress in Weir's pumps, including its "pedestal" design, are functional.

36. The designs of Weir's pumps are not inherently distinctive, nor have they acquired secondary meaning.

37. There is no likelihood of confusion among consumers between Weir's products and Atlas's products.

38. Atlas is entitled to declaratory judgment that it has not infringed on any valid or enforceable "trade dress" or other intellectual property claimed by Weir.

## RELIEF REQUESTED

WHEREFORE, Atlas prays for the following relief:

A. A declaratory judgment that it is not liable to Weir for any contract interference or trade dress infringement;

B. An award of an award of attorneys fees and costs, as permitted by law; and

COMPLAINT AND JURY
DEMAND - 5

BERESFORD ♦ BOOTH PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100

C. Such other and further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted this 30th day of August, 2007.

| /s/ Paul Richard Brown | /s/ Lawrence D. Graham |
|---|---|
| Paul Richard Brown, WSBA No. 19357<br>Mark A. Bailey, WSBA No. 26337<br>BERESFORD BOOTH PLLC<br>145 Third Ave. S, Suite 200<br>Edmonds, WA 98020<br>(425) 776-4100<br>Facsimile: (425) 776-1700<br>paulb@beresfordlaw.com<br>markb@beresfordlaw.com<br><br>Co-Counsel for Plaintiff<br>Atlas Equipment Co., LLC | Lawrence D. Graham, WSBA No. 25402<br>BLACK LOWE & GRAHAM, PLLC<br>701 Fifth Ave., Suite 4800<br>Seattle, WA 98104<br>(206) 381-3304<br>Facsimile: (206) 381-3301<br>graham@blacklaw.com<br><br>Co-Counsel for Plaintiff<br>Atlas Equipment Co., LLC |

COMPLAINT AND JURY
DEMAND - 6

BERESFORD ♦ BOOTH PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100